IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00190-RBJ-NYW

WILDGRASS OIL AND GAS COMMITTEE,

    Plaintiff

v.

STATE OF COLORADO; JARED S. POLIS, in his official capacity as Governor of the State of Colorado; COLORADO OIL AND GAS CONSERVATION COMMISSION; and JEFFREY ROBBINS, in his official capacity as Acting Director of the Colorado Oil and Gas Conservation Commission,

    Defendants.

## EXPEDITED JOINT REQUEST FOR CLARIFICATION

JOSEPH A. SALAZAR, #35196
Colorado Rising for Communities
PO Box 370
Eastlake, CO 80614-0370
(303) 895-7044 – Office
joe@corising.org

JAMES D. LEFTWICH, #38510
MindDrive Legal Services, LLC
1295 Wildwood Rd.
Boulder, CO 80305-5641
(720) 470-7831 – Office
dan@minddrivelegal.com
*Attorneys for Plaintiff*

PHILIP J. WEISER
Attorney General
ERIC R. OLSON, #36414*
Solicitor General
KYLE W. DAVENPORT, #36674*
Senior Assistant Attorney General
WILLIAM V. ALLEN, #26386*
Senior Assistant Attorney General
DAVID A. BECKSTROM, #44981*
Assistant Attorney General
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO  80203
eric.olson@coag.gov (720) 508-6548
kyle.davenport@coag.gov (720) 508-6292
jeff.fugate@coag.gov (702) 508-6290
will.allen@coag.gov (720) 508-6632
*Counsel of Record
*Attorneys for Defendants*

Wildgrass Oil and Gas Committee ("Wildgrass") and the Colorado Oil and Gas Conservation Commission ("Commission") jointly request clarification of the Court's February 12, 2019 oral order regarding the subject matters for a Commission hearing. Confusion has arisen among the parties regarding whether the Court ordered that the Commission hold a hearing to determine if permits approved by the Director of the Commission comport with an agreement between Extraction Oil & Gas, Inc. ("Extraction) and the City and County of Broomfield ("Broomfield"). This issue is referred to as the "Comport Issue."

The Commission understood the Court's oral order to require that the Commission hold a hearing regarding the Comport Issue. However, the Comport Issue, and the underlying permits implicated thereby, are the subject of a state court action filed by Wildgrass in July 2018 (the "State Court Permitting Litigation"). Furthermore, under Commission Rules a party such as Wildgrass would typically not possess standing at the administrative level to challenge drilling permits. Wildgrass and the Commission thus respectfully request that the Court clarify whether it ordered the Commission to hear and decide the Comport Issue.

At the February 12, 2019 hearing, counsel for Wildgrass summarized the Court's oral order as follows: "Number two, that the forced pooling hearing will happen in March, where in the entire concerns of Wildgrass will be heard at that point, including health, safety, and welfare, economy, just and equitable shares, things of that nature." **Exhibit A**, February 12, 2019 Hearing Transcript, p. 18, ll.

4-8. Immediately following that statement, the Court added: "Well, and whether or not they reneged on their commitment to honor the [C]ity of Broomfield's agreement." *Id.*, p. 18, ll. 9-11. Though this detail was not set forth in the Court's Minute Order (ECF No. 35), the Commission understands the Court's addition as requiring the Commission to hear and decide the Comport Issue.

At its March 11-12, 2019 hearing, the Commission will hear Extraction's pooling application and, in accordance with the Court's order, Wildgrass will be able to raise its concerns regarding public health, safety, welfare, efficient and economic development, and recovery of just and equitable shares. A Commission hearing officer held a prehearing conference in the pooling application matter on February 14, 2019, in which deadlines for prehearing pleadings and discovery were set.

However, the Commission staff determined that, in order comply with state law and Commission rules, a new notice and separate proceeding would be required to conduct a hearing on the Comport Issue.[1] Notice for the Comport Issue hearing was provided to Wildgrass, Extraction, and the City and County of Broomfield on February 15, 2019. On February 20, 2019, a Commission hearing officer conducted a prehearing conference for the Comport Issue hearing. At that prehearing

---

[1] Commission staff's determination was based on Colorado's Oil and Gas Conservation Act (the "Act"), §§ 34-60-101 – 130, C.R.S., Commission Rule 507.a., 2 Colo. Code. Reg 404-1, and the Colorado Administrative Procedure Act, §§ 24-4-101 – 108. C.R.S., which require that notice of the time, place and subject of hearing be provided to all interested parties. The notice for Extraction's pooling application, which was sent on September 19, 2018, did not include notice that the Commission would undertake the Comport Issue. A separate notice and hearing is thus required.

3

conference, counsel for Wildgrass identified the need for clarification of the Court's oral order as it relates to the Comport Issue, and identified the issue of whether the filing of a State Court appeal of the relevant Permits to Drill deprives the Commission of the jurisdiction to conduct any new hearings on the issue. A Commission hearing on the Comport Issue is currently scheduled for the March 11-12, 2019.

The Comport Issue is central to Wildgrass's allegations in a separate State District Court action challenging the permits' failure to comply with the Broomfield-Extraction Operator Agreement. **Exhibit B**, Wildgrass Amended Complaint, Case No. 2018CV32513, Denver District Court, ¶¶ 126-42. Relevant case law identified by counsel for the Commission holds that "an administrative agency is without authority to change, alter or vacate an order while review proceedings are pending in the district court." *Colorado Anti-Discrimination Comm'n v. Cont'l Air Lines, Inc.*, 355 P.2d 83, 86 (Colo. 1960); *see also O'Bryant v. Pub. Util. Comm'n of Colo.*, 778 P.2d 648, 655 (Colo. 1989). Further, to hold a hearing now on the Comport Issue would create substantial confusion regarding what constitutes "final agency action" and the administrative record for the State Court Permitting Litigation.

For the above-stated reasons, Wildgrass and the Commission respectfully request that the Court clarify whether it intended for the Commission to hold a hearing on the Comport Issue.

Dated this 26 day of February, 2019,

Respectfully submitted,

JOSEPH A. SALAZAR

*/s/Joseph A. Salazar*
JOSEPH A. SALAZAR, #35196
Colorado Rising for Communities
JAMES D. LEFTWICH, #38510
MindDrive Legal Services, LLC
*Attorneys for Plaintiff*

PHILIP J. WEISER
Attorney General

*/s/ Kyle W. Davenport*
KYLE W. DAVENPORT, #36674*
Senior Assistant Attorney General
ERIC R. OLSON, #36414*
Solicitor General
WILLIAM V. ALLEN, #26386*
Senior Assistant Attorney General
DAVID A. BECKSTROM, #44981*
Assistant Attorney General
*Attorneys for Defendant*
*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2019, I electronically filed the foregoing EXPEDITED JOINT REQUEST FOR CLARIFICATION using the court's CM/ECF system, which will send notifications of such filing to the following addresses:

Joseph A. Salazar
joe@corising.org

James D. Leftwich
dan@minddrivelegal.com

and hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:

NONE

> */s/ Laura F. Kelly*
> Laura F. Kelly