IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00190-RBJ-NYW

WILDGRASS OIL AND GAS COMMITTEE,

    Plaintiff

v.

STATE OF COLORADO; JARED S. POLIS, in his official capacity as Governor of the State of Colorado; COLORADO OIL AND GAS CONSERVATION COMMISSION; and JEFFREY ROBBINS, in his official capacity as Acting Director of the Colorado Oil and Gas Conservation Commission,

    Defendants.

## MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF THE ADAMS 12 SCHOOL FIVE STAR DISTRICT BOARD OF EDUCATION, IN SUPPORT OF THE PLAINTIFF

Comes now the Board of Education for the Adams 12 School Five Star District ("Adams 12"), with this Motion for Leave to File an Amicus Curiae Brief in support of the Plaintiff.

<u>Legal Background</u>

District courts have discretion whether to grant leave to file an amicus brief. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008); *see also Stuart v. Huff,* 706 F.3d 345, 355 (4th Cir. 2013) (noting that non-parties have the option to file amicus briefs in district court proceedings and that such amici "often make useful contributions to litigation"); *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (2d Cir. 1982); *United States ex rel. Gudur v. Deloitte Consulting Llp*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) ("The extent to which the court permits or denies amicus briefing lies solely within the court's discretion."). Although there is no federal rule or statute governing participation by amicus curiae at the district court level, *see United States v.*

*Gotti*, 755 F.Supp. 1157, 1158 (E.D.N.Y. 1991), the decision to invite or accept participation by an amicus is committed to the sound discretion of the court. *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974).

There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in district court, so district courts exercising this discretion often look for guidance to Federal Rule of Appellate Procedure 29, which applies to amicus briefs in federal appellate cases. *See*, *e.g., Am. Humanist Ass'n v. Md.- Nat'l Capital Park & Planning Comm'n*, 147 F. Supp. 3d 373, 389 (D. Md. 2015). Rule 29 provides that prospective amici must file along with the proposed brief, a motion that states "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. Proc. 29(a)(3). *Amici*'s role is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." N.A.A.C.P. v. Town of Harrison, 940 F.2d 792, 808 (3d Cir. 1991). This authority supports the Court's exercise of its discretion to accept this amici brief.

## Interest of the Movant

Adams 12 is a direct mineral owner with a responsibility to manage its physical and financial assets in addition to its responsibility to care for and to protect its student body's physical welfare. Adams 12 has been approached multiple times regarding offers to lease its mineral interests under and around many of its schools, including elementary, middle, and high schools. Adams 12 has also been petitioned by the community to forego voluntary leasing of its minerals to better protect the surrounding communities from oil and gas development.

Adams 12 has had to consider the issue of mineral leasing on multiple fronts, including the potential liability from becoming a working mineral owner and the likely reduction of royalty payments if its minerals are involuntarily pooled. Adams 12 has also faced the loss of negotiating power with regard to contracting for increased health and safety protections for the benefit of students and the community as a result of the forced pooling statute, which mandates only that operators make a "reasonable offer" prior to obtaining mineral rights through involuntary pooling.

<u>Movant's Brief is Timely and Useful to the Disposition of the Issues before the Court</u>

Adams 12 believes that it is well positioned to provide meaningful and helpful context to the issues in this case. Adams 12 represents a broad swath of the community, with particular concern for its more vulnerable members. Adams 12 is a bipartisan organization not involved in political attempts to ban or otherwise restrict oil and gas development. Finally, Adams 12 is a mineral owner that has received multiple offers to lease and has faced difficulties both in attempting to negotiate under the current system as well as in attempting to weigh the risks and benefits of voluntarily leasing.

Respectfully submitted September 5, 2019,

/s Katherine Merlin
Katherine Merlin, CO Bar. No. 45672
Colorado Environmental Advocates
3100 Arapahoe Ave., Ste. 410
Boulder, CO 80303
P: (720) 965-0854
kate@katemerlinlaw.com

## Certificate of Service

I hereby certify that on September 5, 2019, I electronically filed the foregoing MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF THE BOARD OF EDUCATION, ADAMS 12 SCHOOL FIVE STAR DISTRICT, IN SUPPORT OF THE PLAINTIFF using the court's CM/ECF system, which will send notifications of such filing to the following addresses:

Office of the Colorado Attorney General
Will Allen
Kyle Davenport
David Beckstrom
Eric Olson
1300 Broadway, 10th Floor
Denver, CO 80203
will.allen@coag.gov
kyle.davenport@coag.gov
eric.olson@coag.gov
david.beckstrom@coag.gov
Attorneys for State Defendants

Joseph Salazar
Colorado Rising
PO Box 370
Eastlake, CO 80614-0307
joe@corising.org

Dan Leftwich
Minddrive Legal
1295 Wildwood Rd.
Boulder, CO 80305
dan@minddrivelegal.com
Attorneys for Plaintiff

Brownstein Hyatt Farber Schreck, LLP
Stanley L. Garnett
Mark J. Mathews
David B. Meschke
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
sgarnett@bhfs.com
mmathews@bhfs.com
dmeschke@bhfs.com

and hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:

NONE

                                            */s Katherine Merlin*
                                            Katherine L.T. Merlin